UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
DANIEL KISKADEN
IDA M. KISKADEN                                                              NO. 09-50638

DEBTORS                                                                       CHAPTER 7

---------------------------------------------------

ROBERT J. BROWN, as Chapter 7 Trustee
for Daniel Kiskaden and Ida M. Kiskaden                              PLAINTIFF

v.
                                                                                   CASE NO. 09-05085
New South Federal Savings Bank;
Americredit Financial Services, Inc.

                                                                                   DEFENDANTS

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Robert J. Brown, as Chapter 7 Trustee for Daniel Kiskaden and Ida M. Kiskaden, by and through his undersigned counsel, hereby files his memorandum of law in support of its motion for summary judgment seeking to avoid the lien interest of the Defendants herein.

**STATEMENT OF FACTS**

The relevant facts in relation to the Complaint brought by the Plaintiff herein are as follows:

1.      On or about April 25, 2008, the Debtor, Daniel Kiskaden, entered into a Note, Disclosure and Security Agreement with New South Federal Savings Bank ("New South") for the re-finance of a 2005 Dodge Caravan, Vin No. 2D4GP44L05R244835.  A copy of said Note,

Disclosure and Security Agreement is attached hereto as Exhibit A.

2. At the time of the New South transaction, said vehicle was already encumbered by a lien in favor of Americredit Financial Services, Inc., ("Americredit Financial") and said creditor's lien was notated upon the Certificate of Title for the Dodge Caravan.

3. The prior indebtedness due and owing by the Debtors to Americredit Financial secured by the Dodge Caravan was satisfied pursuant to the New South refinance transaction. On July 15, 2009, an Agreed Order was entered in this action between Americredit Financial and the Plaintiff acknowledging that the indebtedness due and owing to Americredit Financial was satisfied through the New South transaction [Docket Entry #9]. A copy of said Agreed Order is attached hereto as Exhibit B.

4. Daniel Kiskaden and Ida M. Kiskaden filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division, Case No. 09-50638 on March 6, 2009.

5. At the time the Debtors' filed for bankruptcy protection, the last Certificate of Title issued for the subject Dodge Caravan failed to reflect any lien interest of New South and still reflected the prior lien interest of Americredit Financial. A copy of the last Certificate of Title issued for the vehicle is attached hereto as Exhibit C.

**SUMMARY JUDGMENT STANDARD**

Federal Rule Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate and shall be rendered forthwith if the pleadings, depositions, answers, interrogatories and admissions on file,

2

together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law. The Supreme Court has observed as follows:

> This standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248 (1986).

In this particular case, there are no genuine issues of material fact, in that the lien interest of New South is not notated on the vehicle's Certificate of Title, is unperfected in accordance with Kentucky state law, and therefore the lien interest is avoidable by the Trustee.

## **ARGUMENT**

*Trustee's strong arm powers and the basis for perfection under Kentucky state law*

11 U.S.C. §544(a) of the Bankruptcy Code gives the Trustee various rights and powers, including those of a hypothetical judicial lien creditor at the time of the commencement of the case. Through the powers granted to it under the "strong arm clause", the Trustee is able to avoid unperfected liens that a judicial lien creditor under state law would be able to defeat as of the commencement of the case. Furthermore, the Trustee's rights under §544 are fixed as of the commencement of the bankruptcy case.

KRS 186A.190 provides in part that a security interest in property issued a Kentucky Certificate of Title is perfected by notation of the creditor's lien on the Certificate of Title. Specifically, KRS 186A.190(1) provides as follows:

3

> ...the perfection and discharge of a security interest in any property for which has been issued a Kentucky Certificate of Title shall be by notation on the Certificate of Title…

Furthermore, KRS 186A.190(2)(j) provides in part:

> …the sole means of perfecting… a security interest in property for which a certificate of title is required by this chapter is by notation on the property's certificate of title…

In this case, a certificate of title was not issued prior to the commencement of the bankruptcy proceeding for the subject vehicle reflecting the lien of New South Federal Savings Bank. Accordingly, pursuant to the express provisions of Kentucky state law, New South holds an unperfected security interest in the subject vehicle. Based upon the Trustee's §544 status as a hypothetical judicial lien creditor as of the commencement of the case, and in accordance with KRS Chapter 355, the unperfected lien interest of New South is avoidable. Pursuant to 11 U.S.C. §§ 550 and 551 the New South lien avoided is preserved for the benefit of the Debtors' Bankruptcy Estate, and the Trustee is entitled to sell the vehicle for the benefit of the Bankruptcy estate.

*New South Federal Savings Bank's defense*

New South's only substantive defense herein is the contention that the security interest was perfected because it allegedly took the steps necessary to have its lien noted on the Certificate of Title. Namely, the Defendant allegedly tendered a title lien statement, the required fees and the original title to the Harrison County Clerk's office so that its lien could be noted on the vehicle's title. (Answer Second Affirmative Defense) However, whether or not these steps were properly completed by New South is irrelevant for purposes of this action.[1] Any deficiency

---

[1] Furthermore, these steps as set forth in KRS 186A.195 are only relevant in consideration of the timing of perfection of a security interest under Kentucky state law, not whether perfection has or has not occurred which is controlled solely by KRS 186A.190. See *In re Johnson*, 380 B.R. 455 (6th Cir.BAP (Ky.) 2007).

4

in the process of perfection is to be resolved against the creditor. *Westenhoefer v. Navistar Financial Corp.*, (*In re Daulton*), 155 B.R. 7 (Bankr.E.D.Ky.1993). As set forth above, under KRS 186A.190(1) and (2), a security interest in a motor vehicle is perfected solely by notation of same on the Certificate of Title. In this particular case, the Certificate of Title issued for the subject vehicle does not reflect the lien interest of New South. Any attempt to cause an updated certificate of title for the subject vehicle to be issued reflecting the lien interest of the Defendant would constitute a violation of the automatic stay under 11 U.S.C. §362.

The instant action is analogous to the facts contained in *In re Farmer*, 1989 WL 306192 (Bankr.E.D.Ky. 1989). In *Farmer* a lending creditor took the appropriate steps to perfect its lien on a motor vehicle at the time, but for some reason the lender's lien failed to be placed on the Certificate of Title issued for the subject vehicle. *Id.* The debtor ended up filing for bankruptcy protection and the Trustee sought to avoid the unperfected lien of the lender. *Id.* Post-petition, the creditor requested and caused the issuance of an "updated" title wherein the lien of the lender now appeared on the title, with a first lien date showing over two years prior. *Id.* Relying upon 11 U.S.C. §544 and KRS 186A.190, the Bankruptcy Court for the Eastern District of Kentucky in *Farmer* ultimately held that since the bank's lien was not noted on the outstanding Certificate of Title issued as of the commencement of the case when the Trustee's §544 rights were fixed, said lien was unperfected and subordinate to the Trustee's rights. *Id.* As in the case of *Farmer*, the rights of the Trustee herein as a judgment lien creditor as of the commencement of the bankruptcy case would prevail over the rights of the unperfected secured creditor New South, and as such the Trustee must prevail as a matter of law.[2]

---

[2] In *Farmer* the creditor actually had a stronger argument than the case herein. Specifically, KRS 186A.197 then in existence provided that certificates of title outstanding as of 1988 without the notation of a valid lien thereon shall be re-issued by the Transportation Cabinet to reflect said lien, which lien shall be considered perfected as of the

5

## **CONCLUSION**

Based on the fact that the lien interest of New South does not appear on the current Certificate of Title issued for the subject vehicle, the Plaintiff is entitled to summary judgment herein. The Trustee should be given permission to liquidate the subject vehicle for the benefit of the Bankruptcy Estate. The Defendant may be entitled to file an unsecured proof of claim accordingly.

Respectfully submitted,

 /s/  Daniel E. Hitchcock
Daniel E. Hitchcock, Esq.
WYATT TARRANT & COMBS, LLP
1600 Lexington Financial Center, Suite 1600
Lexington, Kentucky 40507
Telephone: (859) 233-2012
Fax:  (859) 259-0649
Email: lextrustee@wyattfirm.com
COUNSEL FOR TRUSTEE

---

original date of the filing of the title lien statement. *Id.* No such "retroactive cure" statute is applicable herein and KRS 186A.197 was repealed in 2000.

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing has been served electronically in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, and to all creditors and parties in interest as listed on the attached Service List via electronic and/or first-class, postage prepaid U.S. mail on this 10th day of August, 2009:

Office of the US Trustee
100 E. Vine St. #500
Lexington, KY 40507

Americredit Financial Services, Inc.
801 Cherry Street, Suite 3600
Fort Worth, TX 76102

New South Federal Savings Bank
c/o Michael Gosnell
471 West Main Street., Suite 400
Louisville, KY 40202

Brian T. Canupp, Esq.
322 Main Street
Paris, KY 40361

     /s/ Daniel E. Hitchcock
     Daniel E. Hitchcock

30528621.1

## Note, Disclosure, and Security Agreement

**Lender**
NEW SOUTH FEDERAL SAVINGS BANK
215 R ARRINGTON JR BLVD N
BIRMINGHAM, AL 35203

**Borrower**
DANIEL P KISKADEN

1040 SHAWHAN ROAD
BERRY, KY 41003

☐ Refer to the attached addendum for additional Borrowers and their signatures.

Loan Number _____
Loan Date 04/25/2008
Maturity Date 02/09/2014
Loan Amount 17747.78
Renewal of _____

### Truth-in-Lending Disclosures

| Annual Percentage Rate<br>The cost of my credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost me. | Amount Financed<br>The amount of credit provided to me or on my behalf. | Total of Payments<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 10.650 % | $ 6166.93 | $ 17747.78 | $ 23914.71 |

**My Payment Schedule Will Be:**

| Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 69 | $ 346.59 | MONTHLY BEGINNING 06/09/2008 |
| | $ | |
| | $ | |
| | $ | |

"e" means an estimate.

**Demand.** ☐ This note has a demand feature. ☐ This note is payable on demand and all disclosures are based on an assumed maturity of one year.
**Prepayment.** If I pay off this note early, I ☐ may ☒ will not have to pay a minimum interest charge.
☐ If I pay off this note early, I may be entitled to a refund of part of the additional finance charge.
☐ **Late Charge.** If a payment is late (more than ___N/A___ days after due) I will be charged.

**Security.** I am giving a security interest in: 2005 DODGE TRUCK GRAND CARAVAN-V6 VIN: 2D4GP44L05R244835
☐ the goods or property being purchased.
☒ collateral securing other loans with you may also secure this loan.
☐ (brief description of other property)

**Filing Fees.** $ 24.00
**Non-filing Insurance.** $ N/A
☐ **Required Deposit.** The annual percentage rate does not take into account any required deposit.
☒ **Assumption.** Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
**Contract Documents.** I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Itemization of Amount Financed

| | |
|---|---|
| Amount given to me directly | $ N/A |
| Amount paid on my (loan) account | $ N/A |
| EXTENDED SERVICE AGREEMENT | $ 1755.00 |
| Amount paid to others on my behalf (You may retain or receive a portion of these amounts.) | |
| To insurance companies | $ N/A |
| To public officials | $ 24.00 |
| AMERICREDIT | $ 15469.78 |
| DEFICIENCY WAIVER | $ 499.00 |
| (less) Prepaid Finance Charge(s) | $ |
| Amount Financed | $ 17747.78 |

### Promissory Note

**Definitions.** As used in this Loan Agreement, ☒ indicates terms that apply to this Loan Agreement. *Loan Agreement* refers to this Promissory Note, Security Agreement, and Truth in Lending Disclosures, and any extensions, renewals, modifications, and substitutions of this Loan Agreement. *Loan* refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction, such as applications, security agreements, disclosures, or notes, and this Loan Agreement. *Security Agreement* refers to the security agreement contained within this Loan Agreement. *Secured Debts* refers to all sums advanced to you under the terms of the Loan Agreement, and all present and future debts (if the All Debts subsection of the Security Agreement has been checked). The pronouns *I*, *me* and *my* refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. *You* and *your* refer to the Lender and its successors and assigns.


EXHIBIT A

Express™ Simple Interest Note, Disclosure, and Security Agreement
© 2002 Bankers Systems, Inc., St. Cloud, MN Form NDaS-SI-KY 6/1/2002

Consumer Loan - Not for Open-End Credit
*DK* Page 1 of 4

04/23/2008 16:27 IFAX lexfax@wyattfirm.com → NSFB CHECK BACKING
APR.23.2009 16:09 205 951 7002
Case 09-50857-jms Doc 13 Filed 08/10/09 Entered 08/10/09 12:19:17 Desc Main Document Page 9 of 17
#6833 P.004/006

**Promise to Pay.** For value received, I promise to pay to you, or your order, at your address above, the principal sum of $ 17747.78 , plus interest from 04/25/2008 at the rate of 10.650 % per year until 02/09/2014 . Interest accrues on a DAILY basis. I agree to pay late charges in accordance with the provisions shown in the Truth-in-Lending Disclosures. The purpose of this loan is Refinance Vehicle .

**Payment.** I will pay this note as follows:

☐ Interest due   N/A

Principal due   N/A

☒ This note has 69 payments. The first payment will be in the amount of $ 346.59 and will be due 06/09/2008 . A payment of $ 346.59 will be due on the 09th day of each MONTH thereafter. The final payment of the entire unpaid balance of principal and interest will be due 02/09/2014 .

Unless otherwise provided in the Other Terms section, each payment I make on this Loan Agreement will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.

**Interest.** Interest will accrue on the unpaid principal balance until paid in full. For interest calculation, the accrual method will determine the number of days in a year. The interest rate and other charges on this Loan Agreement will never exceed the highest rate or charge allowed by law for this loan. If the amount collected is found to exceed the highest rate or charge allowed, you will refund an amount necessary to comply with the law.

**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.

☒ Interest will accrue at the rate of 10.650 % per year on the balance of this note not paid at maturity, including maturity by acceleration.

For purposes of this section, maturity occurs on any of the following dates.
* If this Loan Agreement is payable on demand, on the date you make demand for payment.
* If this Loan Agreement is payable on demand with alternate payment date(s), on the date you make demand for payment or on the final alternate payment date, whichever is earlier.
* On the date of the last scheduled payment of principal.
* On the date you accelerate the due date of this Loan Agreement (demand immediate payment).

**Prepayment.** I may prepay this Loan Agreement in whole or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

☐ **Additional Finance Charge.** I also agree to pay an additional fee of $ N/A , and it will be ☐ paid in cash. ☐ paid pro rata over the term of the loan. ☐ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)

☐ **Minimum Interest Charge.** I agree to pay a minimum interest charge of $ N/A if I pay this note off before you have earned that much in interest.

☐ **Other Terms.**

☐ **Statutory Authority.** This loan is made under Kentucky Revised Statutes, Chapter _____ .

**Commissions.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**Warranties and Representations.** I have the power and authority to enter into this Loan Agreement. The execution and delivery of this Loan Agreement will not violate any agreement governing me or my property, or to which I am a party. I own all of the Property, unless otherwise agreed and disclosed to you in writing. Your claim to the Property is ahead of the claims of any other creditor, except as disclosed in writing to you prior to any advance on the Secured Debts. The Property has not been and will not be used for any purpose that would violate any laws or subject the Property to forfeiture or seizure.

**Default.** Subject to any limitations in the Real Estate or Residence Security section, I will be in default if any of the following occur.
* I fail to make a payment when due.
* I fail to perform any condition or keep any promise of this or any agreement I have made with you.

**Remedies.** Subject to any limitations in the Real Estate or Residence Security section, after I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.
* Make all or any part of the amount owing by the terms of this Loan Agreement due.
* Use any and all remedies you have under state or federal law, or in any instrument securing this Loan Agreement.
* Make a claim for any and all insurance benefits or refunds that may be available on my default.
* Set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by law.
* Make amounts advanced on my behalf due and add those amounts to the balance owing under the terms of this Loan Agreement.
* Require me to gather the Property and make it available to you in a reasonable fashion (unless prohibited by law); keep or dispose of the Property as provided by law; apply the proceeds to your expenses of collection and enforcement and then to the Secured Debts; and, unless prohibited by law, and following any required notice of deficiency, hold me liable for any deficiency if what you receive from the sale does not satisfy the Secured Debts.

By choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**Real Estate or Residence Security.** If this Loan Agreement is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this Loan Agreement.

**Waivers.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate, and notice of dishonor. You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions. You may release any Borrower, endorser, guarantor, surety, accommodation maker, or any other cosigner. You may release, substitute, or impair any Property securing this Loan Agreement.

**Collection Expenses and Attorneys' Fees.** On or after Default, to the extent permitted by law, I agree to pay all reasonable expenses of collection, enforcement, or protection of your rights and remedies under this Loan Agreement. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the rate provided in the terms of this Loan Agreement. All fees and expenses will be secured by the Property I have granted you, if any. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**General Provisions.** This Loan Agreement is governed by the laws of Kentucky, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located. If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of our agreement. No modification of this Loan Agreement is effective unless made in writing and signed by me and you. The duties and benefits of this Loan Agreement will bind and benefit the successors and assigns of me and you. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to my last known address. Notice to one party will be deemed to be notice to all parties. Where a notice is required, I

---

Exper̄s℠ Simple Interest Note, Disclosure, and Security Agreement
© 2002 Bankers Systems, Inc., St. Cloud, MN Form NDsS-SI-KY 5/1/2002

Consumer Loan - Not for Open-End Credit
_DK_ Page 2 of 4

agree that 10 days prior written notice will be reasonable notice to me under the Uniform Commercial Code or other applicable state law.

I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. My name and address are my exact legal name and my principal residence. I will provide you with at least 30 days notice prior to changing my name or principal residence.

I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.

### Security Agreement

**Security.** To secure the obligations of this Loan Agreement, I give you a security interest in the Property described below:

MOTOR VEHICLE(S):
2005 DODGE TRUCK GRAND CARAVAN-V6
2D4GP44L05R244835

☒ **All Debts.** The Property will also serve as collateral for all present and future debts.

☐ **Other Security.** This Loan Agreement is secured by

N/A

**Generally.** *Property* means any collateral described in this Loan Agreement in which I have an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. Property includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property.

If the All Debts subsection is checked, the Property also secures all present and future debts, even if this Loan Agreement is not referenced in the debt instrument, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. Nothing in this Loan Agreement is a commitment to make future loans or advances. This Loan Agreement will not secure any debt for which you fail to give any required notice of the right of rescission (i.e., right to cancel), or any debt for which a non-possessory, non-purchase money security interest is created in *household goods* in connection with a *consumer loan*, as those terms are defined by federal law governing unfair and deceptive credit practices.

**Purchase Money Security Interest.** If this is a purchase money loan (the loan proceeds are used to purchase the collateral), I authorize you, at your option, to disburse the loan proceeds directly to the seller of the Property. The portion of the Property purchased with loan proceeds will remain subject to your purchase money security interest until the Secured Debts are paid in full. Payments on any non-purchase money loan also secured by this Security Agreement will not be applied to the purchase money loan. Payments on the purchase money loan will be applied first to the non-purchase money portion of the loan, if any, and then to the purchase money portion in the order in which the purchase money Property was acquired. If the purchase money Property was acquired at the same time, then payments will be applied in the order you select. No security interest will be terminated by application of this formula.

**Waivers.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith. I waive all rights I have now or in the future to a homestead or personal property exemption in the Property.

**Assumptions.** Someone buying the Property cannot assume the obligation. You may declare the entire balance of the Loan Agreement to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property.

**Perfection of Security Interest.** I authorize you to file a financing statement covering the Property. I agree to comply with, facilitate, and otherwise assist you in connection with perfecting your security interest under the Uniform Commercial Code.

**Duties Toward Property.** I will protect the Property and your interest against any competing claim. Except as otherwise provided in this Loan Agreement, I will keep the Property in my possession at the address indicated in this Loan Agreement. I will keep the Property in good repair and use it only for personal, family, or household purposes. I will immediately inform you of any loss or damage to the Property. You have the right of reasonable access to inspect the Property.

I will keep books, records, and accounts about the Property and my assets in general, to which I will allow you reasonable access. I will pay all taxes and assessments levied or assessed against me or the Property. I will not sell, lease, license, or otherwise transfer or encumber the Property without your prior written consent. You do not authorize any sale or other disposition of the Property. Any sale or disposition you do not authorize will violate your rights.

If I pledge the Property to you (deliver the Property into your, or your designated third party's possession or control), I will, upon receipt, deliver any proceeds and products of the Property to you. I will provide you with any notices, documents, financial statements, reports, and other information relating to the Property I receive as the owner of the Property.

**Insurance.** I agree to keep the Property insured against the risks reasonably associated with the Property until the Property is released from this Security Agreement. I may provide the required insurance through an existing policy of insurance that I own or control, or through a policy that I buy. I have free choice in the selection of an insurance company, subject to applicable law. I will maintain this insurance in the amounts you require and have the insurance company name you as loss payee on any insurance policy. I will give you and the insurance company immediate notice of any loss. You may apply the insurance proceeds toward what is owed on the Secured Debts. If the insurance proceeds do not cover the amounts I owe you, I will pay the difference. You may require additional security as a condition of permitting any insurance proceeds to be used to repair or replace the Property. If you acquire the Property in damaged condition, my rights to any insurance policies and proceeds will pass to you to the extent of the Secured Debts. I will immediately notify you of cancellation or termination of insurance.

> I am required to maintain insurance on the Property to protect your interest. If I fail to maintain the required insurance, or fail to provide you with evidence of insurance, I understand and agree to the following.
> - You may (but are not required to) place insurance on the Property to protect your interest, which will not cover my equity in the Property.
> - The insurance you provide may be written by a company other than one I would choose and may be written at a higher rate than I could obtain if I purchased the insurance.
> - I will pay for the costs of any Property insurance you provide.

**Authority to Perform.** I authorize you to do anything you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance to the Secured Debts. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of the Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law. Your duty of care with respect to the Property will be satisfied if you exercise reasonable care in the safekeeping of the Property or in the selection of a third party in possession of the Property.

> **Third Party Agreement**
>
> For the purposes of the provisions within this enclosure, *I*, *me* or *my* means the person signing below and *you* means the Lender identified in this Loan Agreement.
>
> I agree to give you a security interest in the Property that is described in the Security Agreement section. **I agree to all terms and conditions beginning on page 1 through the bottom of page 4 of this Loan Agreement,** but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the secured Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this Loan Agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.
>
> **I have received a completed copy of this Loan Agreement.**
>
> X_____(Seal)

Attach FTC "Preservation of Consumer Claims and Defenses" Notice if Applicable.

## Insurance

**Credit Insurance.** Credit life, credit health, and any other insurance coverage quoted below, are not required to obtain credit and you will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). You are quoting below only the coverages I have chosen to purchase.

**Credit Life**

Premium $_____

☐ Single  ☐ Joint  ☒ None   Term _____

**Credit Health**

Premium $_____

☐ Single  ☐ Joint  ☒ None   Term _____

_____   Premium $_____

☐ Single  ☐ Joint  ☒ None   Term _____

**Signature.** My signature below means I want (only) the insurance coverage(s) quoted above. If "None" is checked, I have declined the coverage you offered.

X _[signature]_  DOB 11/23/1964

X _____ DOB _____

X _____ DOB _____

☐ **Property Insurance.** I may obtain property insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $ ___N/A___ for ___N/A___ of coverage.

☐ **Single Interest Insurance.** I may obtain single interest insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $ ___N/A___ for ___N/A___ of coverage.

## Federal Sale of Insurance Disclosure

Product refers to any insurance product or annuity I purchase from you. With regard to any Product I purchase from you, the following apply.
- The Product is not a deposit account or other obligation of any depository institution or any affiliate of any depository institution.
- The Product is not guaranteed or insured by any depository institution or any affiliate of any depository institution.
- The Product is not insured by the Federal Deposit Insurance Corporation (FDIC).
- The Product, except in the case of Federal Flood Insurance or Federal Crop Insurance, is not insured by any federal government agency.
- ☐ If this box is checked, there is investment risk associated with the Product, including the possible loss of value.

By signing, I acknowledge that I have received a copy of this disclosure on today's date. Unless these disclosures are provided electronically or I have purchased the Product by mail, I also acknowledge that you have provided these disclosures to me orally.

X _[signature]_  Date 4-25-09

X _____ Date _____

X _____ Date _____

## NOTICE TO COSIGNER

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

## Signatures

**By signing, I agree to all the terms and conditions beginning on page 1 through the bottom of page 4 of this Loan Agreement.** I also acknowledge receipt of a copy of this Loan Agreement on today's date.

**Cosigners.** See Notice to Cosigner above before signing.

X _[signature]_
  DANIEL P KISKADEN

X _____

X _____

(Optional)

Signed _____ For Lender

Title _____

If this Security Agreement covers Property that includes the Borrower's homestead, complete the following acknowledgment to make the homestead exemption waiver effective:

**Acknowledgment.**

Commonwealth of Kentucky, County of _____
_____ )ss.

This instrument was acknowledged before me this _____ day of _____ by _____

_____

My commission expires:

_____
(notary public)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

DANIEL KISKADEN
IDA M. KISKADEN

DEBTORS

NO. 09-50638

CHAPTER 7

------------------------------------------------

ROBERT J. BROWN, as Chapter 7 Trustee
for Daniel Kiskaden and Ida M. Kiskaden

PLAINTIFF

v.

CASE NO. 09-05085

New South Federal Savings Bank;
Americredit Financial Services, Inc.

DEFENDANTS

## AGREED ORDER AVOIDING LIEN

This matter having come before the Court on the agreement of the Trustee, by counsel, and Americredit Financial Services, Inc. (hereafter "Americredit"), and the Court being sufficiently advised, it is hereby agreed to and ordered as follows:

1. That on March 6, 2009, the Defendants, Daniel Kiskaden and Ida M. Kiskaden (hereinafter "Debtors"), filed a Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code.

2. On March 9, 2009, Plaintiff was appointed the Trustee and is so acting.

3. On April 25, 2008, the Debtor, Daniel Kiskaden, entered into a loan transaction with New South Federal Savings Bank to refinance a 2005 Dodge Caravan VIN Number 2D4GP44L05R244835 ("Vehicle"), owned by the Debtor.



EXHIBIT B

4. At the time of the refinance transaction, Amercredit held a lien on the subject Vehicle. During the course of this refinance transaction the loan of Americredit was paid in full, and it was intended that Americredit would no longer hold a lien interest in the Vehicle.

5. The current Certificate of Title issued for the Vehicle still indicates a prior lien to Americredit recorded January 18, 2008.

6. Americredit's lien interest in the Vehicle is hereby avoided. Pursuant to KRS 186.045, upon presentation of this Order to the appropriate County Clerk, said Clerk shall take any steps necessary in order to note the discharge and termination of Americredit's lien on the Vehicle's Certificate of Title.


AGREED TO BE ENTERED:

_/s/ John Gaines_
BY: John Gaines - AVP Associate Counsel
AMERICREDIT FINANCIAL SERVICES, INC.
801 Cherry Street, Suite 3600
Fort Worth, TX 76102


/s/ Daniel E. Hitchcock
BY: DANIEL E. HITCHCOCK, ESQ.
WYATT TARRANT & COMBS, LLP
1600 Lexington Financial Center, Suite 1600
Lexington, Kentucky 40507
Telephone: (859) 233-2012
Fax: (859) 259-0649
Email: lextrustee@wyattfirm.com
COUNSEL FOR TRUSTEE

Pursuant to Local Rule 9022-1(c), Daniel E. Hitchcock shall cause a copy of this order to be served on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a certificate of service of the order upon such parties within ten (10) days hereof.

Office of the US Trustee
100 E. Vine St. #500
Lexington, KY 40507

Americredit Financial Services, Inc.
801 Cherry St, Ste 3600
Ft Worth, Tx 76102

New South Federal Savings Bank
c/o Michael Gosnell
471 West Main STr., Suite 400
Louisville, Ky 40202

30526649.1

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
**_Joseph M. Scott_**
**Bankruptcy Judge**
**Dated: Thursday, July 16, 2009**
**(wsh)**

## Boggs, Elizabeth

**From:** KYEBml_ECF_DO_NOT_Reply@kyeb.uscourts.gov
**Sent:** Thursday, July 16, 2009 4:06 PM
**To:** ecf_notification@kyeb.uscourts.gov
**Subject:** 09-05085-jms Agreed Order

ATTENTION
This message was delivered to you by an automated alert system. Please do not reply to this message using your email reply feature.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

United States Bankruptcy Court

Eastern District of Kentucky

Notice of Electronic Filing

The following transaction was received from baa entered on 7/16/2009 at 4:06 PM EDT and filed on 7/16/2009
**Case Name:** Brown v. New South Federal Savings Bank et al
**Case Number:** 09-05085-jms
**Document Number:** 9

**Docket Text:**
Agreed Order Avoiding Lien of AmeriCredit. (baa)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 09-5085baa#ago.pdf+5553++.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=993667351 [Date=7/16/2009] [FileNumber=6497621-0]

[3dca94ecff1aed748a3dcdae9d36ce72ca9affe6328140e696429fa73484eb288d70
acf2547c56ee4b181eb3c49733c87a2312b5ce21e6de494fc945912bdadb]]

**09-05085-jms Notice will be electronically mailed to:**

Robert J. Brown
lextrustee@wyattfirm.com, rbrown@ecf.epiqsystems.com

Daniel Hitchcock on behalf of Plaintiff Robert Brown

7/16/2009

lexbankruptcy@wyattfirm.com

**09-05085-jms Notice will not be electronically mailed to:**

AmeriCredit Financial Services, Inc.
,

New South Federal Savings Bank
,

7/16/2009

# COMMONWEALTH OF KENTUCKY
## TRANSPORTATION CABINET
### CERTIFICATE OF TITLE

| TITLE NO. | YEAR | MAKE | MODEL NAME | VIN/HIN | TITLE TYPE | MODEL NO. |
|---|---|---|---|---|---|---|
| 080180490031 | 05 | DODG | CARAVAN | 2D4GP44L05R244835 | OUT OF ST | |

| BODY TYPE | COLOR | NO. CYL | ODOMETER | MOTOR NO. | WEIGHT | PREV. TITLE NO./STATE |
|---|---|---|---|---|---|---|
| VN | BLK | 06 | 35119 | | 6 | 3105560234   OH |

| KY NO. | BOAT TYPE | LENGTH | BEAM | CAPACITY | HULL MATERIAL | PROPULSION |
|---|---|---|---|---|---|---|

OWNER(S) NAME  DATE OF ISSUE 01/29/08  FUEL  USAGE TAX PAID 909.00

T7
KISKADEN, DANIEL P.
1040 SHAWHAN RD
BERRY KY  41003-8730

REMARKS

BRAND(S)

FIRST LIENHOLDER                                    SECOND LIENHOLDER

AMERICREDIT FINANCI
PO BOX 182673
ARLINGTON
TX 76096-2673

FIRST LIEN — Notation No. 117300   County HARR   Filing Date 01-18-08
SECOND LIEN

I certify that the Department of Vehicle Regulation has exercised due diligence in examining an application for a certificate of title for the above-described vehicle and to the best of our knowledge and belief the applicant whose name appears above is the lawful owner of the apparently legitimate vehicle described herein.

Commissioner, Department of Vehicle Regulation  Jerry D. Anglin  (STATE SEAL)  CONTROL NO. C12139703

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN FINES AND/OR IMPRISONMENT.

## FIRST DEALER ASSIGNMENT

The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

**DEALER ONLY**

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

Odometer Reading ____ (no tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Transferor(s) Signature(s) _____ (Seller) To be notarized   Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)   Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____  Seller Dealer No. _____  Purchasing Dealer No. _____
Attesting Official _____  Title _____
Subscribed and sworn before me this ____ day of _____ 20____ My commission expires _____  NOTARY PUBLIC

## SECOND DEALER ASSIGNMENT

The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

Odometer Reading ____ (no tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Transferor(s) Signature(s) _____ (Seller) To be notarized   Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)   Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____  Seller Dealer No. _____  Purchasing Dealer No. _____
Attesting Official _____  Title _____
Subscribed and sworn before me this ____ day of _____ 20____ My commission expires _____

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS, OR MUTILATIONS. MUST BE COMPLETED IN BLUE OR BLACK INK. FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN FINES AND/OR IMPRISONMENT.

**EXHIBIT C**